UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **IVAN ENRICO GOUDEAU**<br>    **DOC #223314** | **CIVIL ACTION NO. 10-1156-LC** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **CALCASIEU PARISH**<br>**SHERIFF'S OFFICE, ET AL** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Ivan Enrico Goudeau on July 6, 2010.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  At the time he filed this complaint, he was housed in the Calcasieu Correction Center (CCC), Lake Charles, Louisiana.  However, on November 22, 2010, plaintiff filed a change of address notification (doc. 8) with the court indicating that he had been transferred to Elayn Hunt Correctional Center(EHCC), St. Gabriel, Louisiana.

On July 15, 2011, this court filed a Memorandum Order (doc. 11) instructing plaintiff to amend his complaint.  On July 25, 2011, the Memorandum Order directed to plaintiff was returned to the court with the notation "returned to sender, not at EHCC."  (Doc. 12).  The document had been mailed to petitioner at the last address supplied.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule 41.3W provides in part, "[t]he failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 23rd day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE